IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**BRIAN HAZLETT,** Trustee of the
**Brian Hazlett Revocable Living Trust**                                                         **PLAINTIFF**

V.                                                            CAUSE NUMBER: 3:25-cv-00257-JDM-RP

**EQUIFAX INC., et al.**                                                                         **DEFENDANTS**

## ORDER

Brian Hazlett, as Trustee of the Brian Hazlett Revocable Living Trust, filed a *pro se* complaint in Mississippi state court against Equifax Inc., Experian Information Solution, Inc., and Trans Union LLC. [2] After removal [1], Experian filed a Motion to Dismiss [11], joined by Equifax [27]. *See* Fed. R. Civ. P. 12(b)(6). And Trans Union, after answering [9], filed a Motion for a Judgment on the Pleadings. [37] *See* Fed. R. Civ. P. 12(c). For the following reasons, the Motion to Dismiss [11] and the Motion for Judgment on the Pleadings [37] are GRANTED in part and DENIED *without prejudice* in part.

### Count I—Alleged FRCA Violation

Both motions assert Hazlett's complaint fails to state a claim upon which relief can be granted. And from the face of the Complaint, that appears to be the case. In Count I, Hazlett alleges the three defendants violated the Fair Credit Reporting Act (FCRA). But Hazlett presents only conclusory and unspecified allegations that the defendants reported inaccurate information, failed to follow procedures and investigate, and refused to correct data. This is not enough.

While a complaint does not need to contain "'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556

U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). This Court will accept "all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). But it will "not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."). And "where the well-pleaded facts do not permit the court to infer more than the *mere possibility of misconduct*, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (emphasis added) (quoting Fed. R. Civ. P. 8(a)(2)).

Hazlett's complaint is devoid of any *actual facts* about the defendant's reporting, what information is alleged to have been inaccurate, why it was inaccurate, and how the defendants violated the FRCA in how they responded to Hazlett's concerns. Instead, Hazlett's complaint merely asserts there were "inaccurate, obsolete, and unverifiable entries," "continue[d] reporting [of] dismissed bankruptcies, inaccurate charge offs, and unauthorized inquiries that cause economic and reputational harm," and "refus[al] to delete or correct data." Rule 8(a)(2) "demands more." *Iqbal*, 556 U.S. at 678.

That said, "[t]his Court is cognizant that leniency should be extended to *pro s*e litigants." *Amos v. Cain*, No. 4:20-CV-30-SA-JMV, 2022 WL 610344, at *3 (N.D. Miss. Mar. 1, 2022) (citing *Calhoun v. Hargrove*, 312 F.3d 730, 733-34 (5th Cir. 2002); *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015)). For this reason, Hazlett shall have fourteen (14) days to properly plead his FCRA claim via an amended complaint.

2

As it relates to Count I only, the Motion to Dismiss and Motion for Judgment on the Pleadings are DENIED *without prejudice*.

### Count II—Alleged FDCPA violation

But this leniency does not extend to Hazlett's two other claims—the alleged violation of the Fair Debt Collection Procedures Act and the alleged violation of the "Privacy Act & Commercial Fraud."

As its name suggests, the Fair Debt Collection Procedures Act regulates *debt collectors*. *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 468, 139 S. Ct. 1029, 1031, 203 L. Ed. 2d 390 (2019) (citing 15 U.S.C. § 1692a(6)). And the complaint makes no attempt to allege any of the defendants are debt collectors—let alone how they violated 15 U.S.C. § 1692e by using false, deceptive, or misleading misrepresentations to collect a debt.

As it relates to Count II, the Motion to Dismiss and Motion for Judgment on the Pleadings are GRANTED. Count II, "Violation of FDCPA (15 U.S.C. § 1692e)," is DISMISSED *with prejudice*. This means Hazlett cannot re-plead an FDCPA claim in an amended complaint.

### Count III—Alleged Privacy Act Violation & Commercial Fraud

Count III likewise presents no discernable claim. Hazlett does not identify what statute—federal or state—the defendants allegedly violated or how they violated it. While there is a Federal Privacy Act, it "regulates the executive branch's handling of the private information of individuals." *Duggan v. Dep't of the Air Force*, 617 F. App'x 321, 323 (5th Cir. 2015). It does not regulate alleged consumer reporting agencies, as Hazlett alleges the defendants to be. Further, for fraud-based claims, both Federal Rule of Civil Procedure 9 and Mississippi Rule of Civil Procedure 9 require a complaint state "with particularity" the "circumstances constituting fraud." Fed. R. Civ. P. 9(b);

Miss. R. Civ. P. 9(b). And there is nothing particular about Hazlett's allegations that the defendants "disseminat[ed] . . . false data without consent, validation, or lawful basis."

As it relates to Count III, the Motion to Dismiss and Motion for Judgment on the Pleadings are GRANTED. Count III is also DISMISSED with prejudice. Hazlett cannot re-plead a "privacy act" / fraud-based claim in an amended complaint.

## Conclusion

Experian's Motion to Dismiss [11], joined by Equifax, is **GRANTED in part** and **DENIED without prejudice in part**.

Trans Union's Motion for Judgment on the Pleadings [37] is **GRANTED in part** and **DENIED without prejudice in part**.

Counts II and III of Hazlett's Complaint [2] are **DISMISSED with prejudice**.

Hazlett shall have fourteen (14) days to file an amended complaint bringing an FRCA claim only. If Hazlett fails to do so, this Court will dismiss the only remaining claim *with prejudice* and *without notice*. If Hazlett files an amended complaint, Experian and Equifax may file a renewed motion to dismiss, and Trans Union may file a motion to dismiss or file an amended answer followed by a renewed motion for judgment on the pleadings.

**SO ORDERED**, this the 19th day of February 2026.

    /s/ James D. Maxwell II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI