### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**BRIAN HAZLETT, Trustee of the**
**Brian Hazlett Revocable Living Trust**                                  **PLAINTIFF**

**V.**                                         **CAUSE NUMBER: 3:25-cv-00257-JDM-RP**

**EQUIFAX INC., et al.**                                          **DEFENDANTS**

### ORDER DENYING PREMATURE
### SUMMARY JUDGMENT MOTION

On June 6, 2026, pro se plaintiff Brian Hazlett filed a Motion for Complete Summary Judgment. [59] According to Hazlett, "the case is already over." So "no discovery is needed."

The Defendants—Trans Union LLC, Equifax Information Services LLC, and Experian Information Solutions Inc.—disagree. In their view, discovery *is* needed to respond to the factual allegations asserted in Hazlett's amended complaint. They have responded with a Rule 56(d) motion deny Hazlett's summary judgment motion as premature or, alternatively, defer summary judgment consideration until discovery is complete. [70]

While Rule 56(b) permits a party to "file a motion for summary judgment at any time until 30 days after the close of all discovery," under Rule 56(d) the Court may deny or continue the motion "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(b), (d). Rule 56(d) motions are "broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) (applying former Rule 56(f), which is now Rule 56(d)). This is because they provide "non-movants with a much needed tool to keep open the doors of discovery in order to adequately

combat a summary judgment motion." *Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992).

In this case, *no* discovery has been conducted. Though Hazlett filed his complaint a year ago, for a significant portion of that year this action was stayed due to issues with Hazlett's pro se complaint. [40] Those issues were resolved on February 19, 2026, when the Court granted in part and denied in part the motion to dismiss. [45] The Court dismissed two of Hazlett's three counts for failure to state a claim. The Court also discerned no facially plausible Fair Credit Reporting Act claim. But exercising leniency, the Court permitted Hazlett to amend his pro se complaint and properly plead an FRCA violation.

Hazlett did not file his amended complaint until April 9, 2026. [50] And instead of asserting a singular FRCA claim, Hazeltt's amended complaint brings five counts. He alleges the Defendants violated four separate FRCA provisions (15 U.S.C. §§ 1681b, 1681e(b), 1681i, and 1681o), as well as the Gramm-Leach-Bliley Act (15 U.S.C. § 6801). [50] The defendants answered on April 23, 2026. [52, 53, 54] And on May 7, 2026, the stay was lifted and a case management order was entered. [58] According to that order, discovery is not due until November 10, 2026.

For this reason, the Court finds Hazlett's motion for summary judgment is premature. "Summary judgment assumes *some* discovery." *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002) (emphasis added). And contrary to Hazlett's assertion, the Defendants' attorneys have declared their clients need to conduct discovery of the facts underlying Hazlett's allegations, particularly the alleged credit-reporting inaccuracies. Because the Defendants' cannot adequately oppose Hazlett's fact-intensive summary judgment motion without discovery, the Court grants Defendants' Rule 56(d) motion.

In opposing the Rule 56(d) motion, Hazlett has expressed frustration at the pace of this litigation and what he perceives as stalling tactics by the Defendants. [72] But many of the docket entries Hazlett points as nefarious are simply routine filings in federal litigation involving non-resident corporate defendants—not evidence of a pattern of unreasonable delay. And if there has been delay, the record reflects much of it traces to Hazlett's actions, particularly his failure to state plausible claims in his initial complaint.

The Defendants' Rule 56(d) Motion [70] is **GRANTED**. Hazlett's Motion of Summary Judgment [59] is **DENIED without prejudice** as premature.

Discovery is due by November 10, 2026. And dispositive motions are due by November 24, 2026. [58]

**SO ORDERED**, this the 6th day of August 2026.

/s/ James D. Maxwell II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI